IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHERIDON SHELBY,                )           | |
|     Plaintiff,                      ) | |
| vs.                                           ) | No. 3:19-CV-1556-L-BH |
|                                     ) | |
| KWIK KAR, et al.,                      ) | |
|     Defendants.                ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed with prejudice.

## I.  BACKGROUND

On August 13, 2019, Sheridon Shelby (Plaintiff) filed this *pro se* action against his former employer for alleged discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). (*See* doc. 3.) He claims that after he complained of racist remarks and harassment by his manager, he was fired for not having a valid driver's license, while other workers of a different race who also did not have driver's licenses were retained. (*Id.* at 1, 8.)[2] Except for the first page, his complaint in this case consists of the same complaint he previously filed against his former employer in *Shelby v. Kwik Kar*, No. 3:18-CV-532-B (N.D. Tex. March 7, 2018), doc. 3. (*Id.* at 2-10.)[3] His prior lawsuit was dismissed on May 2, 2019, after the court found that his former employer did not have enough employees to meet the numerosity requirement for a Title VII action. *See* No. 3:18-CV-532-B, docs. 75, 76. Plaintiff admits that he has previously sued his former employer based on the same facts, and that this lawsuit duplicates

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]  The same documents are also attached to his answers to two magistrate judge's questionnaires. (*See* docs. 8, 12.)

or raises the same claims as his earlier lawsuit, but he contends there are "some different supporting facts." (doc. 8 at 3.)

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A duplicative *in pauperis* complaint that "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff" may also be dismissed as frivolous under § 1915. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989); *see also Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits") (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1020-21.

Plaintiff admits that he filed a prior lawsuit against his former employer raising identical

2

claims regarding his termination. (doc. 8 at 3.)⁴  In fact, he relies on the same complaint and underlying charge of discrimination as in his prior lawsuit. This lawsuit is therefore duplicative and subject to dismissal with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) as frivolous. *See Stamps v. University of Texas at Austin,* No. 1:22-cv-00054-LY-SH, 2022 WL 790353 (W.D. Tex. Feb. 22, 2022) (recommending dismissal of discrimination lawsuit as frivolous because of pending "nearly identical discrimination lawsuit"); *Styles v. Air Serve Corp.*, No. 3:18-CV-692-D-BN, 2018 WL 2271178 (N.D. Tex. Apr. 24, 2018) (recommending dismissal of duplicative employment action based on same charge of discrimination as prior lawsuit as malicious), *recommendation adopted by* 2018 WL 2271160 (N.D. Tex. May 17, 2018); *see also Waller v. Tuten*, 821 F. App'x 389, 390 (5th Cir. 2020) (finding no reversible error in the district court's finding that previously-asserted § 1983 claim was duplicative and therefore frivolous)(citing *Bailey*, 846 F.2d at 1021); *see also Toombs v. Massingill*, 647 F. App'x 425 (5th Cir. 2016) (finding no abuse discretion in the district court's determination that a complaint duplicative of a prior § 1983 action was malicious) (citing *Bailey*); *Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. 2013) (finding no error in dismissal of claim raised in a previous § 1983 action as duplicative despite the plaintiff's argument that the claim was never litigated on the merits) (citing *Bailey*); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (same).⁵

### IV.  RECOMMENDATION

Plaintiff's duplicative complaint should be **DISMISSED** with prejudice as frivolous under

---

⁴ Plaintiff's verified answers to the magistrate judge's questionnaires constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

⁵ Even if this lawsuit is not duplicative and therefore frivolous, as found in his previous lawsuit, Plaintiff's Title VII claims against his former employer would still be barred by the numerosity requirement.

28 U.S.C. § 1915(e)(2).

**SO RECOMMENDED on this 27th day of May, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE